<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDRA ROLLINS,<br><br>　　Plaintiff,<br><br>　　v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>　　Defendant. | No. 23cv01276 (EP) (AME)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

　　Pending before the Court is the report and recommendation of the Hon. André M. Espinosa, U.S.M.J., which recommends that Defendant Costco Wholesale Corporation's unopposed motion to enforce settlement, D.E. 43 ("Motion to Enforce Settlement"), be granted. D.E. 44 ("R&R").

　　When magistrate judges address dispositive motions, including motions to enforce a settlement, they submit a report and recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). Where no objection has been made to a report and recommendation within 14 days, the district court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record before adopting the report and recommendation. Fed. R. Civ. P. 72(b), advisory committee notes; *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (noting a district court should give "some level of review" to a report and recommendation by a magistrate judge). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made in the report and recommendation. 28 U.S.C. § 636(b)(1); L. Civ. R. 72.1(b)(3). Only if the district court adopts a report and recommendation does it have the force of law. *See United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

Defendant argues that the parties entered into a binding settlement agreement on November 12, 2024, because there was a meeting of the minds between the parties to settle the matter and that any subsequent change of heart by Plaintiff did not invalidate the agreement. D.E. 43-1. Therefore, Defendant contends, its Motion to Enforce Settlement should be granted. *Id.*

Judge Espinosa applied New Jersey law to determine whether Defendant had shown that there was no genuine issue that the parties entered into a valid and enforceable settlement agreement, and found that Defendant had met "its burden in showing Plaintiff and Defendant agreed on essential terms and expressed affirmative intent to be bound by those terms, thereby entering into a valid and enforceable agreement to settle this action." R&R at 6. Accordingly, Judge Espinosa recommends that this Court grant Defendant's Motion to Enforce Settlement. *Id.*

No objections were filed in response to the R&R. After reviewing the R&R and the relevant items on the docket in this case, the Court finds no clear error. Therefore, the Court will **ADOPT** the R&R in its entirety. Accordingly,

**IT IS**, on this **22nd** day of July, 2025;

**ORDERED** that the R&R, D.E. 44, is **ADOPTED**; and it is further

**ORDERED** that Defendant's Motion to Enforce Settlement, D.E. 43, is **GRANTED**; and it is further

**ORDERED** that the parties shall take appropriate steps to effectuate the unredacted form of the Confidential Settlement and Release Agreement attached as Exhibit B to the April 4, 2025, Declaration of Michael T. Moran, Esq., D.E. 43-2; and it is further

**ORDERED** that this case shall be **DISMISSED** *with prejudice*; and it is finally

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

_Evelyn Padin_
Evelyn Padin, U.S.D.J.